1  Andrea D. George
   PO Box 19394
2  Spokane, WA 99219
   (509) 570-4715
3  E: ageorge26@icloud.com

4  *Plaintiff*

5

6

7

8

9              **UNITED STATES DISTRICT COURT**

10            **EASTERN DISTRICT OF WASHINGTON**

11  ANDREA D. GEORGE,

12                              Plaintiff,        NO.

13       v.                                       COMPLAINT

14  THE COLVILLE CONFEDERATED
15  TRIBES; RODNEY CAWSTON; ANDREW                JURY TRIAL DEMANDED
    JOSEPH, JR.; JACK FERGUSON; RICHARD
16  SWAN, SR.; MARVIN KHEEL; JOSEPH
    SOMDAY; JOEL BOYD; RICHARD MOSES;
17  ALICE KOSKELA; SHANNON THOMAS;
    JASON D'AVIGNON; and PETER
18  ERBLAND,

19                              Defendants.
20

21

22       COMES NOW, the Plaintiff for causes of action against Defendants and allege the

23  following allegations and complaint:

24            **I.  PARTIES, JURISDICTION, & VENUE**

25

   COMPLAINT:  1                              **ANDREA D. GEORGE**
                                                 POB 19394
                                             SPOKANE, WA 99219
                                                (509) 570-4715

1.1     ANDREA D. GEORGE ("Andrea") is a citizen of the United States and within the jurisdiction thereof. At all material times hereto, Andrea resided at 34 N. Front Street, Elmer City, Washington 99124 ("Residence") on the Colville Indian Reservation ("CIR"). Andrea is a married person and currently a resident of Spokane, Washington. Andrea is a member of the Colville Confederated Tribes ("CCT").

1.2     THE CCT is a federally recognized tribe in the State of Washington located on the CIR in north-central Washington State. The CCT as a Party Defendant may be served through the Tribe's in-house legal counsel: CCT Office of Reservation Attorney, PO Box 150, Nespelem, Washington 99155.

1.3     RODNEY CAWSTON ("Cawston") is a resident of Coulee Dam, Washington, on the CIR. At all material times hereto, Cawston was a member of the Colville Business Council ("CBC"), the elected body of the CCT. Cawston was employed by the CCT at all material times hereto and continues to be employed by the CCT, and he can be served on the CIR. Cawston is the former Chairman of the CBC.

1.4     ANDREW JOSEPH, JR. ("Joseph") is a resident of Nespelem, Washington, on the CIR. At all material times hereto, Joseph was a member of the CBC. Joseph was employed by the CCT at all material times hereto and continues to be employed by the CCT, and he can be served on the CIR. Joseph is the former Vice-Chairman of the CBC and continues to serve on the CBC.

1.5     JACK FERGUSON ("Ferguson") is a resident of Keller, Washington, on the CIR. At all material times hereto, Ferguson was a member of the CBC. Ferguson was employed by the CCT at all material times hereto, and he can be served on the CIR.  Upon information and belief, Ferguson is currently employed by the Spokane Tribe of Indians.

COMPLAINT: 2

ANDREA D. GEORGE
POB 19394
SPOKANE, WA 99219
(509) 570-4715

1.6    RICHARD SWAN, SR. ("Swan") is a resident of Inchelium, Washington, on the CIR. At all material times hereto, Swan was a member of the CBC. Swan was employed by the CCT at all material times hereto, and he can be served on the CIR.

1.7    MARVIN KHEEL ("Kheel") is a resident of Inchelium, Washington, on the CIR. At all material times hereto, Kheel was a member of the CBC. Kheel was employed by the CCT at all material times hereto and continues to be employed by the CCT, and he can be served on the CIR.

1.8    JOSEPH SOMDAY ("Somday") is a resident of Keller, Washington, on the CIR. At all material times hereto, Somday was a member of the CBC. Somday was employed by the CCT at all material times hereto and continues to be employed by the CCT, and he can be served on the CIR.

1.9    JOEL BOYD ("Boyd") is a resident of Inchelium, Washington, on the CIR. At all material times hereto, Boyd was a member of the CBC. Boyd was employed by the CCT at all material times hereto and continues to be employed by the CCT, and he can be served on the CIR.

1.10    RICHARD MOSES ("Moses") is a resident of Okanogan, Washington, off the CIR. At all material times hereto, Moses was a member of the CBC. Moses was employed by the CCT at all material times hereto and continues to be employed by the CCT at the 12 Tribes Resort and Casino, and he can be served on the CIR.

1.11    ALICE KOSKELA ("Koskela") is a resident of Coeur d'Alene, Idaho, off the CIR. At all material times hereto, Koskela was employed by the CCT in the Office of Reservation Attorney ("ORA") and she can be served off the CIR.

1.12    SHANNON THOMAS ("Thomas") is a resident of Coulee Dam, Washington, on the CIR. At all material times hereto, Thomas was employed by the CCT in the ORA and continues to be employed in the CCT ORA, and can be served on the CIR.

COMPLAINT: 3

1.13    JASON D'AVIGNON ("D'Avignon") is a resident of Washington State, off the CIR. At all material times hereto, D'Avignon was employed by the CCT in the ORA, and can be served off the CIR. D'Avignon is currently employed by the Skagit County Prosecutor's Office in Mount Vernon, Washington.

1.14    PETER ERBLAND ("Erbland") is a resident of Idaho State, off the CIR. At all material times hereto, Erbland was a contracted attorney employed by the CCT, and can be served off the CIR. Erbland is currently employed by Lake City Law Group in Coeur d'Alene, Idaho.

1.15    This is a complaint for damages provide by a Federal Cause of Action for exhaustion of tribal court remedies, as well as violations of the CCT Constitution, and the Colville Tribal Code.

1.16    Venue is proper in this District wherein the incidents described herein took place pursuant to 25 U.S.C. § 1391(b)(1)-(2) and (c)(1).

## II.  FACTUAL ALLEGATIONS

2.1    Plaintiff re-alleges and incorporates the preceding paragraphs as though fully set forth herein.

2.2    Plaintiff was a member of the CCT CBC between July 12, 2018-February 21, 2019. Plaintiff was harassed, mistreated, and targeted by Defendants while serving on the tribe's elected body.

2.3    Somday, Ferguson, former CBC Sheilah Cleveland, and former CBC Georgia Simpson met on July 11, 2018, with Koskela to seek legal advice about Plaintiff. Upon information and belief, these four CBC members requested that Koskela seek ethics charges against Plaintiff. Four of the fourteen CBC do not constitute a quorum, and any request or directive provided to Koskela was not formal action by the CBC. Upon information and belief,

COMPLAINT: 4

ANDREA D. GEORGE
POB 19394
SPOKANE, WA 99219
(509) 570-4715

1    Koskela, Somday, Ferguson, Georgia Simpson, and Sheilah Cleveland were acting outside the

2    scope of their employment. Plaintiff was sworn into Sheilah Cleveland's position on the CBC

3    on July 12, 2018. Georgia Simpson, now deceased, was Swan's common law wife.

4        2.4    Plaintiff was targeted by some Defendants even before serving on the CBC.

5        2.5    On or about July 12, 2018, in the early morning hours at approximately 7:30 am,

6    Koskela emailed Erbland seeking Erbland's assistance with obtaining a legal opinion against

7    Plaintiff to utilize to expel Plaintiff from the CBC. On or about July 12, 2018, Georgia Simpson

8    and Sheilah Cleveland were no longer Koskela's primary client on CBC, and Koskela did not

9    have formal CBC action to solicit a legal opinion from Erbland and therefore acting outside the

10   scope of her employment.

11       2.6    Erbland represented the CCT and individuals in a prior civil suit filed by

12   Plaintiff in Colville Tribal Court case number CV-OC-2017-40036. In the midst of that action,

13   upon information and belief, Erbland attempted to solicit a complaint from Plaintiff's neighbor,

14   Danny Miller, along with Koskela. Upon information and belief, Erbland was not unbiased

15   against Plaintiff, given his representation adverse to Plaintiff in the 2017 matter and Erbland's

16   solicitation of a complaint against Plaintiff from Mr. Miller. Plaintiff contends Erbland should

17   have declined Koskela's request for a legal opinion against Plaintiff in July of 2018 and should

18   have also demanded a copy of the tribal resolution authorizing the request against Plaintiff from

19   the CBC.

20       2.7    It is unclear who Koskela's client was when she solicited the legal advice from

21   Erbland. It is also unclear who Erbland's client was when he provided legal advice to Koskela

22   which was adverse to Plaintiff. When Erbland provided Koskela an email and/or written

23   opinion against Plaintiff in July/August of 2018, Plaintiff was on the CBC and was unaware

24   and no CBC resolution authorized Erbland's analysis or recommendations.

25

COMPLAINT: 5

ANDREA D. GEORGE
POB 19394
SPOKANE, WA 99219
(509) 570-4715

2.8     In August of 2018, Swan declared on record that Plaintiff violated the ethics rules and/or acted unethically regarding Swan's desire to approve proposed candidate for the Associate Judge position, Edward Jursek. On or about February 1, 2018, Edward Jursek held a hearing when he was not an approved judge with the Colville Tribal Court and declared that Plaintiff was unethical to defame, embarrass and humiliate Plaintiff. Plaintiff was terminated by the CCT a few days later subsequent to Edward Jursek's fake hearing, although Plaintiff (and her supervisor apparently) were unaware that Edward Jursek was not an authorized judge when that hearing occurred. Upon information and belief, the CBC directed Plaintiff's termination since Boyd admitted in February of 2018 to Plaintiff the reason for Plaintiff's termination and then quickly tried to retract his statement when Plaintiff reminded Boyd she was terminated without cause.

2.9     Defendants failed to follow the process outlined in Colville Tribal Code ("CTC") § 1-8. Defendants Koskela, D'Avignon, Thomas, and Erbland were attorneys employed or hired by the CCT to advise the CBC regarding the ethics complaint, the process utilized, investigate, and make recommendations consistent with the law.

2.10     Ethical violations under CTC § 1-8 against CBC elected officials are only allowed regarding actions taken by a CBC while in office. Defendants knew or should have known that the ethics complaint signed by Swan did not relate to Plaintiff's actions while on the CBC. Defendants Koskela, D'Avignon, and/or Thomas failed to advise the CBC to immediately dismiss Swan's complaint consistent with the CCT Constitution and CTC § 1-8.

2.11     Defendants conspired and colluded to bring forward an ethics charge against Plaintiff in early September of 2018 related to an allegation from approximately seven months prior when Plaintiff was the Managing Attorney in the CCT Public Defender's Office (surrounding Edward Jursek's fake hearing), and prior to Plaintiff being sworn in to the CBC.

COMPLAINT: 6

1    2.12    Plaintiff sought discovery from Defendants regarding Swan's ethics charge. On

2    or about September 27, 2018, after attempts via email to obtain information, Plaintiff went to

3    the ORA office suite to obtain information, documents, and names of witnesses. The following

4    day, September 28, 2018, was a tribal holiday for Native American Day, and Koskela, Thomas,

5    and D'Avignon would not be working. In the afternoon, when Plaintiff asked to speak to

6    Thomas in the ORA office for more information, Thomas became upset and yelled at Plaintiff.

7    When Koskela appeared, Koskela confirmed she would be testifying against Plaintiff on

8    October 1, 2018 (the following Monday) for the Investigatory Hearing. Koskela also provided

9    sly and vague answers to Plaintiff about the nature of her testimony. Plaintiff did not raise her

10    voice or get mad.

11    2.13    Immediately following the interaction with Koskela and Thomas, Plaintiff

12    received an email from Thomas sent to the entire CBC and including Koskela, alleging that

13    Plaintiff yelled at Thomas. Thomas made false statements against Plaintiff to conceal her own

14    inappropriate actions.

15    2.14    Defendants retained and/or employed Erbland to investigate Swan's ethics

16    complaint against Plaintiff. Alternatively, Defendants paid Erbland to serve as a witness related

17    to Swan's ethics complaint against Plaintiff. Upon information and belief, Erbland failed to

18    recommend to Defendants that Plaintiff did not violate the CBC ethics code in CTC § 1-8, nor

19    did Erbland inform Plaintiff and all CBC that he was retained by Koskela the day before

20    Plaintiff was sworn in to the CBC.

21    2.15    Defendants proceeded to an Investigatory Hearing related to Swan's ethics

22    complaint on October 1, 2018. Defendants failed to follow the process outlined in the existing

23    CTC § 1-8, and the CBC voted to dismiss Swan's ethics charge against Plaintiff. Swan's ethics

24    complaint and CBC's handling and failure to immediately dismiss caused Plaintiff unnecessary

25    grief, stress, and anxiety, causing Plaintiff harm and suffering. Upon information and belief, the

COMPLAINT:  7

ANDREA D. GEORGE
POB 19394
SPOKANE, WA 99219
(509) 570-4715

1   advice provided by D'Avignon, Koskela, and/or Thomas failed to recommend immediate

2   dismissal of Swan's ethics charge against Plaintiff, and/or refusal to accept such ethics charge.

3       2.16    The ORA reports to the CBC, and the ORA contracts are approved by the CBC.

4   ORA attorneys, including Koskela, Thomas, and D'Avignon could be terminated from

5   employment by the CBC. The ORA must adhere to the ethical and legal requirements

6   contained in their contractual agreements with the CCT, the provisions in CTC § 1-4 (the ORA

7   Code), and applicable ethical rules required by the Washington State Bar Association

8   ("WSBA") Rules of Professional Conduct ("RPCs"). Consistent with CTC § 1-4-5, ORA

9   attorneys must be licensed to practice in Washington State Courts (WSBA) at the time of hire

10   or within two years of hire.

11       2.17    Thomas never signed an ethics charge against Plaintiff. Upon information and

12   belief, Thomas did not want to sign a written document alleging Plaintiff yelled at Thomas

13   since it would be another false statement.

14       2.18    During a full session of the CBC, on October 4, 2018, Cawston announced that

15   Swan's ethics charge against Plaintiff was dismissed. The decision was not contained in the

16   CBC Resolution Index for October 4, 2018. At the end of the full or special session, Cawston

17   also announced that the executive committee wanted an investigation into Plaintiff and Thomas

18   (related to Thomas' email allegations). No resolution was passed by CBC to direct an

19   investigation or any action be taken. No formal ethics complaint was filed against Plaintiff by

20   Thomas or anyone else between September 27, 2018-January 1, 2019.

21       2.19.    Koskela, D'Avignon, and/or other ORA attorneys selected Thomas Miller to

22   investigate Cawston's sole directive regarding Plaintiff and Thomas. Upon information and

23   belief, CBC may have approved Thomas Miller as the attorney to investigate Cawston's

24   directive.

25

COMPLAINT: 8

ANDREA D. GEORGE
POB 19394
SPOKANE, WA 99219
(509) 570-4715

2.20    Thomas Miller worked previously in the ORA and reported to Koskela. Plaintiff contends Thomas Miller was biased in favor of ORA staff. Thomas Miller admitted to Plaintiff during his investigation that he worked for Koskela as well as Dana Cleveland, who Plaintiff had pending litigation against at the time. Plaintiff informed Thomas Miller she believed he had a conflict of interest. It is unclear who Thomas Miller worked for, and Plaintiff contends ORA's involvement in selecting, soliciting, supervising, or managing a contract to investigate Thomas was inappropriate, unethical, and a conflict of interest.

2.21    Thomas Miller interviewed ORA employees and Plaintiff, including Anna Vargas. Thomas Miller did not include information from Ms. Vargas outlining that Thomas made a false statement and the opposite occurred of what Thomas reported, despite issuing a written report to D'Avignon that was approximately seventy-seven pages. Thomas Miller did not recommend expulsion of Plaintiff and the lengthy report was not inclusive. Plaintiff contends Thomas Miller concealed Ms. Vargas' statements to protect Thomas and ORA staff. In turn, Thomas Miller's failure to provide thorough and complete information in his investigatory report harmed Plaintiff. Although Cawston's directive should not have caused an investigation by Thomas Miller or any attorney (especially one entangled with the ORA supervising or managing), any investigation should have been unbiased, fair, thorough, complete, and made recommendations against Thomas for her false statement.

2.22    Based upon Thomas Miller's indication of how long his written report would take, Plaintiff inquired of Mr. Miller about the status of his report in December of 2018. Thomas Miller refused to provide his written report to Plaintiff or even the full CBC. Instead, Thomas Miller informed Plaintiff he provided his report to D'Avignon. D'Avignon and Defendants failed to timely provide the written report from Thomas Miller to the entire CBC, including Plaintiff.

COMPLAINT: 9

ANDREA D. GEORGE
POB 19394
SPOKANE, WA 99219
(509) 570-4715

2.23    Upon information and belief, Thomas Miller was paid handsomely by CCT for the written report.

2.24    Upon information and belief, Defendants requested a revised, amended, or otherwise updated report from Thomas Miller. Also upon information and belief, Thomas Miller provided a supplemental report to Ferguson and Defendants.

2.25    Under the CBC Rules of Professional Conduct, in CTC § 1-8, there must be a written and signed complaint. Plaintiff contends the investigation by Thomas Miller was inappropriate and illegal under the existing CTC § 1-8 in effect in 2018 when no signed and written complaint had been filed against Plaintiff related to Thomas' allegations from September of 2018. Rather, Defendants sought another legal opinion against Plaintiff in a witch hunt that violated applicable laws. Thomas Miller also did not appear to investigate Thomas, but rather focused on Plaintiff despite Cawston's directive on October 4, 2018, indicating he wanted Thomas and Plaintiff investigated.

2.26    After receiving Thomas Miller's report (which points out no written complaint had been received), on or about January 10, 2019, Kheel signed an ethics charge against Plaintiff related to Thomas' email and the investigation by Thomas Miller. Thomas Miller's investigation and written report predated Kheel's ethics charge against Plaintiff.

2.27    Plaintiff filed a civil action in Colville Tribal Court in January of 2019 seeking an injunction or declaratory relief since Defendants failed to follow the process outlined in applicable tribal laws. The Tribal Court denied relief for any injunction or other relief related to the Defendants' action related to Cawston's directive and/or Kheel's late filed ethics charge.

2.28    Plaintiff was not properly served with the written notice of the Investigatory Hearing scheduled for February 1, 2019.

2.29    On February 1, 2019, CBC held an Investigatory Hearing regarding the ethics complaint signed by Kheel against Plaintiff. At the outset of the Investigatory Hearing on

COMPLAINT: 10

ANDREA D. GEORGE
POB 19394
SPOKANE, WA 99219
(509) 570-4715

Cawston's directive and/or Thomas' email, Koskela handed out hard copies of her complaint against Plaintiff suggesting that Plaintiff violated federal law and that Koskela felt threatened. Koskela knew or should have known that her untimely complaint violated the tribal code and could not be considered as part of the Investigatory Hearing that day. Koskela's allegations were new and failed to comply with CTC § 1-8.

2.30    Approximately fifteen minutes into the hearing, Ferguson directed chief of police Dustin Best to remove Plaintiff's attorney, Theresa Thin-Elk ("Thin-Elk"), from CBC chambers. Defendants violated Plaintiff's right to be represented by legal counsel and due process. Thin-Elk was physically forced through body positioning and verbal commands to leave CBC chambers and this action violated tribal law pursuant to CTC § 1-8-30(e).

2.31    Approximately an hour and five minutes into the Investigatory Hearing, Plaintiff was excused from the hearing. Plaintiff was unable to listen to testimony or cross examine witnesses.

2.32    At the Investigatory Hearing occurred on February 1, 2019. Plaintiff was not allowed to call all witnesses requested and Ferguson ran the hearing. The process violated Plaintiff's due process rights and the tribal laws. Thomas Miller and ORA staff Nichelle Barnaby did not make themselves available to testify. Plaintiff was not allowed to record or use any electronic devices for notes (such as Plaintiff's laptop) before Plaintiff was forced to leave. Ferguson desired no recording of the Investigatory Hearing. Upon information and belief, Ferguson was protecting Thomas.

2.33    As declared by Ms. Vargas to Plaintiff and Thomas Miller, and again testified to by Ms. Vargas during the Investigatory Hearing on February 1, 2019, Thomas yelled at Plaintiff. To date, upon information and belief, Thomas was never penalized or disciplined for her false statements in her email, to Thomas Miller, or during her testimony on February 1, 2019.

COMPLAINT:  11

ANDREA D. GEORGE
POB 19394
SPOKANE, WA 99219
(509) 570-4715

1    2.34    The CBC recommended expulsion of Plaintiff under CTC § 1-8 despite the

2  numerous flaws in the process and violation of the applicable laws.

3    2.35    After the committee vote and recommendation but before the full session for

4  expulsion, Plaintiff sought relief from the Tribal Court. The Tribal Court refused to provide any

5  relief or enforce applicable tribal laws. Plaintiff suffered harm and was damaged.

6    2.36    Plaintiff was expelled on February 19, 2019, in a vote that violated tribal laws.

7  Chairman Cawston was only allowed to vote in the event in a tie, but Cawston declared that

8  ORA advised he was allowed to vote. Without Cawston's vote, there were inadequate votes to

9  expel Plaintiff according to tribal laws. As such, the expulsion was illegal.

10    2.37    Defendants issued press releases with defamatory information about Plaintiff,

11  including that Plaintiff was a danger to tribal members and that Plaintiff threatened Koskela.

12    2.38    Plaintiff sought further relief from the Tribal Court to prevent Defendants from

13  filling Plaintiff's "vacant seat" on the CBC. The Tribal Court refused to provide any relief.

14    2.39    Plaintiff sought further relief from the Tribal Court to prevent Defendants from

15  refusing to certify Plaintiff as a candidate for the CBC. The Tribal Constitution has very limited

16  criteria to run for CBC. Despite the expulsion, Plaintiff was still eligible to run and be certified

17  as a candidate under the Tribe's Constitution. The Tribal Court refused to provide any relief.

18    2.40    Plaintiff sought to run again for the CBC and submitted the documentation

19  required to be certified to run in the Nespelem District for the 2019 CBC election. The CCT

20  refused to certify Plaintiff. Plaintiff was not allowed to run for the CBC due to the February

21  2019 expulsion in violation of the Tribe's Constitution.

22    2.41    Plaintiff was entitled to continue to sit on the CBC until the expiration of her

23  term in July of 2020. Plaintiff received a salary of $100,000.00 while on the CBC, plus

24  significant benefits including retirement, sick and vacation leave, life insurance, and

25  medical/dental/vision insurance. Plaintiff was denied salary and benefits for approximately

COMPLAINT:  12

1    sixteen and a half months, with significant financial value, as well as the ability to lead the

2    CCT and make decisions on the elected body.

3        2.42    Due to the Defendants' defamatory statements and action, Plaintiff was not able

4    to secure a full time legal position for an entire year. Plaintiff was denied employment

5    opportunities, including attorney positions with the Kalispel Tribe based specifically upon

6    information received from the Defendants. Due to the financial hardship, Plaintiff was forced

7    and did in fact withdraw the majority of her retirement savings and moved off the CIR with her

8    family.

9        2.43    Plaintiff suffered emotional distress, anxiety, and other harm due to the

10   Defendants' actions. Plaintiff was embarrassed, humiliated, and outraged. Plaintiff was

11   traumatized by the Defendants' actions and misconduct.

12       2.44    On or about March 2020, Plaintiff sold her Residence on the CIR. Plaintiff

13   contends the Residence was sold for significantly less than what the Residence was worth, and

14   Plaintiff incurred a significant financial loss through the sale of the Residence on the CIR due

15   to the Defendants' unlawful actions and misconduct. In 2021, the Residence was sold again for

16   considerably more.

17       2.45    Plaintiff sought a review by the Colville Tribal Court of Appeals. The tribal

18   court of appeals dismissed the appeal. Plaintiff fully exhausted tribal court remedies.

19       2.46    Defendants knew or should have known the Plaintiff would suffer harm and

20   Plaintiff did in fact suffer damages.

21       2.47    Defendants injured Plaintiff in her person, reputation, employment history, and

22   caused her to lose out on significant wages and benefits.

23   //

24   //

25   //

COMPLAINT: 13

ANDREA D. GEORGE
POB 19394
SPOKANE, WA 99219
(509) 570-4715

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

3.1     For monetary damages resulting from Defendants' actions in violation of the CCT Constitution and applicable laws in an amount to be determined at trial.

3.2     For monetary damages for the 16.5 months of salary and benefits the Plaintiff was denied through the illegal expulsion in an amount to be determined at trial.

3.3     For monetary damages for the denial of Plaintiff's certification for the 2019 CBC Election, which may have mitigated the loss of salary and benefits.

3.4     For declaratory relief outlining that Plaintiff is in fact eligible to run for CBC if she otherwise meets criteria outlined in the CCT Constitution.

3.5     For declaratory relief outlining that Plaintiff's expulsion on February 21, 2019, from the CBC was illegal and violated the CCT Constitution and/or Colville Tribal Code.

3.6     For monetary damages resulting from Defendants' defamation of Plaintiff's reputation and good character without a basis or compensation in an amount to be determined at trial.

3.7     For monetary damages resulting from Defendants' intentional and negligent acts in violation of applicable laws.

3.8     For monetary damages resulting from Defendants' malicious intent to expel Plaintiff from the CBC

3.9     For an award of Plaintiff's costs and attorney's fees in accordance with all applicable statutes, court rules, common law, and the Court's equitable powers.

3.10    For pre- and post-judgment interest at the statutory rate.

3.11    For the right to amend this Complaint.

3.12    For any other and further relief which the court deems just and equitable.

COMPLAINT:  14

ANDREA D. GEORGE
POB 19394
SPOKANE, WA 99219
(509) 570-4715

1

DATED this 12th day of April, 2024.

2

3

_____
Andrea George
Plaintiff

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT: 15

**ANDREA D. GEORGE**
POB 19394
SPOKANE, WA 99219
(509) 570-4715