FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 09, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA D. GEORGE,<br><br>        Plaintiff,<br><br>        v.<br><br>THE COLVILLE CONFEDERATED TRIBES; RODNEY CAWSTON; ANDREW JOSEPH, JR.; JACK FERGUSON; RICHARD SWAN, SR.; MARVIN KHEEL; JOSEPH SOMDAY; JOEL BOYD; RICHARD MOSES; ALICE KOSKELA; SHANNON THOMAS; JASON D'AVIGNON; and PETER ERBLAND,<br><br>        Defendants. | No. 2:24-CV-00123-SAB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Before the Court is Defendants' Motion to Dismiss, ECF No. 27. Plaintiff, an attorney, is representing herself in this matter. The Colville Tribal Defendants are represented by Thomas Nedderman and William Dow. Defendant Erbland is represented by Christopher Kerley.

Plaintiff is suing members of the Colville Confederated Tribes, and the Tribes' employee, for their actions arising from and related to her expulsion from

**ORDER GRANTING MOTION TO DISMISS** ~ 1

the Tribes' governing body, the Colville Business Council.

Plaintiff's First Amended Complaint[1] contains 379 paragraphs of factual allegations. It also contains various prayers for relief. What is lacking, however, is a statement of the precise claims or causes of action being asserted, and the factual allegations supporting each cause of action being asserted. Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Simply providing factual allegations does not meet the requirements of Rule 8. The First Amended Complaint does not clearly identify the causes of action being asserted, the legal basis for the claims, and the specific defendants against which they are asserted. Each claim or count should be separately listed in the Claims or Causes of Action section of the Complaint.

Plaintiff's First Amended Complaint does not meet the requirements of Rule 8. Rather than straightforwardly stating her claims and allegations, Plaintiff's First Amended Complaint burdens this Court, as well as Defendants, with the onerous task of combing through it in order to determine what claims are being presented. *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (noting that "district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations").

Because the Court concludes the First Amended Complaint does not satisfy Rule 8, the Court is unable to and will not address Defendants' remaining arguments.

The Court grants Plaintiff leave to file an Amended Complaint.

//

---

[1] Although Plaintiff filed a Second Amended Complaint, she failed to obtain leave of the Court to do so. As such, it is not properly before the Court. Rather, the operative complaint is the First Amended Complaint.

**ORDER GRANTING MOTION TO DISMISS** ~ 2

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss, ECF No. 27, is **GRANTED**.

2. Plaintiff's First Amendment Complaint is **DISMISSED** without prejudice.

2. **Within 30 (thirty) days from the date of this Order**, Plaintiff is directed to file an Amended Complaint that complies with Fed. R. Civ. P. 8. Failure to do so will result in the dismissal of this action.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to Plaintiff and counsel, and set a case management deadline accordingly.

**DATED** this 9th day of July 2024.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION TO DISMISS** ~ 3