FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA D. GEORGE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE COLVILLE CONFEDERATED TRIBES; RODNEY CAWSTON; ANDREW JOSEPH, JR.; JACK FERGUSON; RICHARD SWAN, SR.; MARVIN KHEEL; JOSEPH SOMDAY; JOEL BOYD; RICHARD MOSES; ALICE KOSKELA; SHANNON THOMAS; JASON D'AVIGNON; PETER ERBLAND; EDWARD JURSEK; CARMEL MCCURDY; CHARISSA EICHMAN; MARTY RAAP; NICHELLE BARNABY; SABRINA DESAUTEL; RANDAL STECKEL, DEBRA WULFF; THOMAS MILLER; and SOPHIE NOMEE,<br><br>　　　　　Defendants. | No. 2:24-CV-00123-SAB<br><br>**ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED COMPLAINT; DISMISSING ACTION WITH PREJUDICE** |

**ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED COMPLAINT; DISMISSING ACTION WITH PREJUDICE** ~ 1

Before the Court are the Colville Defendants' Renewed Motion to Dismiss Consolidated Complaint, ECF No. 48, and Defendants Peter Erbland and Thomas Miller's Motion to Dismiss Consolidated Complaint, ECF No. 50. The motions were heard without oral argument.[1] Plaintiff is representing herself in this matter. The Colville Defendants are represented by Thomas Nedderman and William Dow. Defendants Erbland and Miller are represented by Christopher Kerley.

After the Court granted her Motion to Consolidate, ECF No. 46, Plaintiff filed a Consolidated Complaint, ECF No. 47. Defendants now move to dismiss the Consolidated Complaint, with prejudice.

## Motion Standard

Fed. R. Civ. P. 12(b)(1) is the proper vehicle for invoking sovereign immunity from suit. *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). In the context of a Rule 12(b)(1) motion to dismiss on the basis of sovereign immunity, "the party asserting subject matter jurisdiction has the burden of proving its existence, *i.e.* that immunity does not bar the suit." *Id.* (internal citations and quotations omitted). Moreover, when subject matter jurisdiction is challenged, the court does not presume the truthfulness of the plaintiff's allegations. *Id.*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Ninth Circuit explained:

> To be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to

---

[1] The Court has determined that oral argument is not necessary. *See* Local Civ. Rule 7(i)(3)(B)(iii).

**ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED COMPLAINT; DISMISSING ACTION WITH PREJUDICE ~ 2**

give fair notice and to enable the opposing party to defend itself effectively. The factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When evaluating a Rule 12(b)(6) motion, the court must draw all reasonable inferences in favor of the non-moving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept conclusory allegations as true or to accept any unreasonable inferences in a complaint. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

## Plaintiff's Complaint

Plaintiff is suing Colville Confederate Tribes (CCT), as well as various individuals who were employees of CCT. Some of the Defendants were also members of the Colville Business Counsel (CBC). Defendant Peter Erbland and Thomas Miller were outside counsel for the CCT and CBC. Plaintiff's allegations are set forth in a 63-page Consolidated Complaint. She is seeking monetary damages in the amount of $1,000,000, including damages for violations of the CCT Constitution and applicable laws; 16.5 months of salary and benefits; damages for the denial of Plaintiff's certification for the 2019 CBC Election, as well as damages for Defendants' unethical conduct in violation of tribal law and the Washington State Bar Association Rules of Professional Conduct and for malpractice. She is also asking the Court to make declaratory rulings and findings.

Plaintiff alleges Defendants refused to certify her candidacy in March of 2019 due to her February 2019 expulsion from the CBC. Plaintiff alleges that she experienced harassment and a hostile work environment and was harassed, mistreated, and targeted by Defendants while serving on the CBC from July 2018-February 2019. She alleges while at the CBC retreat in October 2018, she felt disrespected, targeted, and attacked, and she asserts certain Defendants's conduct

ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED
COMPLAINT; DISMISSING ACTION WITH PREJUDICE ~ 3

violated their Oath of Office.

She alleged that Defendants Jursek, Steckel, Nomee, Desautel, and Wulff caused harm to her reputation and character, wrongfully terminated her, and caused her mental distress, and emotional harm by scheduling and allowing a hearing on February 1, 2018, and failing to notify Plaintiff, Plaintiff's staff, or the general public that Defendant Jursek was not an authorized judge of the CCT Tribal Court.

Plaintiff alleges at the retreat, Defendants Ferguson and Moses engaged in inappropriate and sexually motivated communication aimed at Plaintiff with nefarious and evil intent. She asserts Defendants should have been aware that she is a sexual assault survivor. Plaintiff asked to leave the meeting, and her request was refused. She asserts she felt disrespected, targeted, and attacked during the retreat.

Plaintiff asserts that when leaving the retreat, she "vomited, as she felt verbally gang raped by Ferguson and Moses, and other participants did nothing to intervene."

Plaintiff alleges the Office of Reservation Attorney (ORA) Defendants Ferguson, Steckel, Wulff, Desautel, Erbland and Nomee were aware that she was particularly susceptible to emotional distress. She asserts Defendants knew that their actions "to cause Plaintiff to resign as Associate Judge, frivolous ethics charges, expulsion from the CBC, denying candidacy for CBC despite meeting constitutional requirements and/or contacting potential future employers to prevent or impede gainful employment would cause severe emotional distress and Defendant engaged in breach of contract, tortious conduct, misconduct, unethical actions, malpractice, and other illegal or inappropriate actions against Plaintiff regardless."

Plaintiff alleges Barnaby and the ORA Defendants initiated an action against her on February 7, 2019, even though the ORA Defendants should have known she did not pose a threat to Barnaby or her children. Additionally, the press release and

**ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED COMPLAINT; DISMISSING ACTION WITH PREJUDICE ~ 4**

EAO were issued due to exaggerated allegations by Barnaby and CBC support staff Tricia Timentwa. Plaintiff alleges that Defendant Miller should have included information from Anna Vargas in his written report to Defendant D'Avignon.

Plaintiff alleges Defendants maliciously prosecuted Plaintiff with ethics violation charges before the CBC Rules Committee. She asserts ORA Defendants prosecuted Swan's charges, concealed information, failed to respond to Plaintiff's inquiries or communicate with Plaintiff, drafted a transcript without CBC direction, failed to properly advise CBC dismissal was required on both charges, and drafted subpoenas for witnesses and records not required by Swan or Kheel and then failed to do the same for Plaintiff. Plaintiff also asserts Barnaby and ORA Defendants maliciously prosecuted Plaintiff in filing a civil suit in February 2019 against her in Colville Tribal Court. Specifically, Barnaby filed a civil protection order suit against Plaintiff with the assistance of ORA Defendants.

Plaintiff asserts that by engaging in breach of contract, defamation, outrage, malicious prosecution, misrepresentations or omissions, misconduct and unethical behavior, Defendants negligently breached their duties and/or intentionally or recklessly engaged in extreme or outrageous conduct towards Plaintiff.

Plaintiff alleges that Defendants failed to provide insurance defense counsel and/or representation for the alleged misconduct occurring during her working hours and within her official scope of duties. She maintains that despite insurance coverage was available to Plaintiff for Barnaby's claims, Defendants and their insurance carrier denied any assistance.

Plaintiff asserts Defendants colluded and conspired to harm her. She alleges violations of Colville Tribal Code. Plaintiff asserts Defendants violated their duty of confidentiality related to her employment records. Specifically, she asserts that Defendants Wulff and Steckel disclosed confidential information related to Plaintiff and her employment with the CCT to the CBC outside of an official session brought before the CBC requiring access to records governing tribal law.

**ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED COMPLAINT; DISMISSING ACTION WITH PREJUDICE ~ 5**

She asserts Wulff and Steckel disclosed confidential information related to Plaintiff and her employment with the CCT to Desautel, Nomee, Boyd, CBC, and Meyring, in violation of tribal law. Defendants Nomee and Steckel disclosed confidential information related to Plaintiff and her employment to Jamie Edmonds in violation of tribal law. She alleges "Defendant blackballed Plaintiff from CCT."

Plaintiff asserts that in addition to express contractual covenants, obligations, and duties, Defendant Steckel, Jursek, CCT, Koskela, D'Avignon, Eichman, Desautel, Wulff, Raap, McCurdy, Thomas, Erbland, Nomee, Barnaby, and Miller are in breach of the implied covenant of good faith and fair dealing by failing to perform their contractual obligations in good faith.

Plaintiff alleges her constitutional rights for equal protection, freedom of speech, and due process were violated, and she also asserts violations of the CCT Constitution and Tribal codes. She maintains that Thomas, Barnaby and Koskela made false statements, embellished or exaggerated or patently lied about Plaintiff's actions or words, refused to testify or provide a written statement and/or provided untimely allegations to cause Plaintiff harm, including expulsion and removal from the CBC.

Plaintiff asserts Defendants Jursek, Wulff, Ferguson, Caston, Kheel, Somday, Swan, Moses, Joseph, Boyd, Erbland, Barnaby, and Miller engaged in defamation against Plaintiff through written and electronic correspondence within and amongst themselves, CBC, CCT employees and members. She maintains the EAO and press releases were defamatory to Plaintiff. She asserts Defendants made intentional and negligent material misrepresents or omissions to cause Plaintiff adverse employment consequences.

Plaintiff alleges Defendants Steckel, Jursek and Miller committed legal malpractice, breach of contract and failure to communicate with a claim. She maintains Defendants had a duty to represent, advise, and assist her as a program manager, and they failed to advise, represent, assist, or otherwise provide good and

**ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED COMPLAINT; DISMISSING ACTION WITH PREJUDICE** ~ 6

factual legal representation to Plaintiff.

## Prior Lawsuits

This lawsuit is a consolidation of two cases that Plaintiff previously filed in the Colville Tribal Court.

Plaintiff filed a civil lawsuit in the Colville Tribal Court in January 2019 against CCT, thirteen CBC members, past and current, three attorney employees, past and current, of the ORA and Peter Erbland, a contract attorney who had done work for the Council. *George v. Colville Conf. Tribes*, 2022 WL 2124428 (Colville C.A. Apr. 12, 2022). She sought an injunction, declaratory relief and money damages. She alleged four counts: (1) sexual harassment; (2) intentional infliction of emotional harm; (3) retaliation; and (4) defamation. The tribal court dismissed the case with prejudice on October 18, 2021. ECF No. 49, Ex. 2.

Plaintiff appealed that decision. The Colville Tribal Court of Appeals found actions regarding CBC members' ethics and ability to remain a CBC member lies exclusively within the constitutional and statutory powers and authority of the CBC itself. 2022 WL 2124428 at **1. Additionally, it held Plaintiff's claims against Peter Erbland were not actionable because Mr. Erbland merely gave legal advice to the CBC; he did not cause any of the allegations against the other defendants.

Plaintiff filed a second civil lawsuit in the Colville Tribal Court in January 2021. ECF No. 49, Ex. 3. The tribal court dismissed the action. The Colville Tribal Court of Appeals denied and dismissed her appeal on May 17, 2024.

## Legal Framework

> Indian tribes are 'distinct, independent political communities, retaining their original natural rights' in matters of local self-government . . . Although no longer 'possessed of the full attributes of sovereignty,' they remain a 'separate people, with the power of regulating their internal and social relations.'. . . They have the power to make their own substantive law in internal matters . . . and to enforce that law in

**ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED COMPLAINT; DISMISSING ACTION WITH PREJUDICE** ~ 7

their own forums. . .
*Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 55-56 (1978) (citation omitted).

### A.   Federal Court Jurisdiction

Federal courts are courts of limited jurisdiction. The cases a federal court may decide are limited to those authorized by the Constitution and federal statutes. *Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1054 (9th Cir. 2019). Courts are to presume that the cause of action lies outside its limited jurisdiction. *Id.* Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the Court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The mere presence of an Indian tribe as a party does not create a controversy that arises under federal law. *Id.*

### B.   Comity

As a general rule, federal courts must recognize and enforce tribal court judgments under principles of comity. *AT & T Corp. v. Coeur d'Alene Tribe*, 295 F.3d 899, 903 (9th Cir. 2002). Two exceptions exist that would preclude recognition: (1) when the tribal court lacked jurisdiction; or (2) when the tribal court denied the losing party due process of law. *Id.* "Unless a federal court determines that the Tribal Court lacked jurisdiction . . . proper deference to the tribal court system precludes relitigation of issues . . . resolved in the Tribal Courts." *Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. 9, 19 (1987).

### C.   Tribal Sovereign Immunity

Tribal sovereign immunity protects Indian tribes from suit absent express authorization by Congress or clear waiver by the tribe. *Pistor*, 791 F.3d at 1110. It also protects tribal employees from suit in certain circumstances, that is, when a tribe's officials are sued in their official capacities. *Id.* If Defendants are entitled to tribal immunity from suit, the Court lacks jurisdiction over the claims against them

ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED
COMPLAINT; DISMISSING ACTION WITH PREJUDICE ~ 8

and it would be required to dismiss them from the litigation. *Id.* at 1111.

Official capacity suits ultimately seek to hold the entity of which the officer is an agent liable, rather than the official himself. Courts view these claims as representing another way of pleading an action against an entity of which an officer is an agent. *Id.* For this reason, an officer sued in his official capacity is entitled to the same sovereign immunity that the tribe may possess. *Id.* at 1112. As explained by the Ninth Circuit, "tribal officials are immunized from suits brought against them because of their official capacities—that is because the powers they possess in those capacities enable them to grant the plaintiffs relief on behalf of the tribe." *Id.* (citation omitted).

On the other hand, tribal defendants sued in their individual capacities arising out of actions they took in their official capacities for money damages are not entitled to sovereign immunity because the plaintiff is seeking money damages not from the state treasury but the tribal official personally. *Id.* In this case, due to the essential nature and effect of the relief sought, the sovereign is not the real party in interest. *Id.* Thus, "so long as any remedy will operate against the officers individually, and not against the sovereign, there is no reason to give tribal officers broader sovereign immunity protections than state or federal officers." *Id* at 1113.

As an example, in *Hardin v. White Mountain Apache Tribe*, sovereign immunity barred the plaintiff from litigating a case against high-ranking tribal council members and seeking to hold them individually liable for voting to eject the plaintiff from tribal land. 779 F.2d 476 (9th Cir. 1985). As the Ninth Circuit reasoned, to hold otherwise would interfere with the tribe's internal governance. *Id.* at 478.

In *Lewis v. Clarke*, addressing a negligence claim against a tribal employee, the U.S. Supreme Court emphasized that courts should consider individual capacity claims independent of tribal sovereign immunity. 581 U.S. 155, 162 (2017). It held that "in a suit brought against a tribal employee in his individual

**ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED COMPLAINT; DISMISSING ACTION WITH PREJUDICE** ~ 9

capacity, the employee, not the tribe, is the real party in interest and the tribe's sovereign immunity is not implicated." *Id.* at 158. "That an employee was acting within the scope of his employment at the time the tort was committed is not, on its own, sufficient to bar a suit against that employee on the basis of tribal sovereign immunity." *Id.* Accordingly, a court "must determine in the first instance whether the remedy sought is truly against the sovereign. . ." *Id.* at 162 (citation omitted). "An officer in an individual-capacity action. . . may be able to assert personal immunity defenses. . . But sovereign immunity does not erect a barrier against suits to impose individual and personal liability." *Id.* at 163 (citations and internal quotation marks omitted).

D.  **Indian Civil Rights Act**

In 1968, Congress passed the Indian Civil Rights Act (ICRA) to provide certain protections for Indians as against their tribal governments. These protections roughly parallel the protections afforded by the Bill of Rights.

25 U.S.C. § 1302 of the Indian Civil Rights Act (ICRA) states:

(a)  In general

No Indian tribe in exercising powers of self-government shall--
 (1) make or enforce any law prohibiting the free exercise of religion, or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble and to petition for a redress of grievances;
 (2) violate the right of the people to be secure in their persons, houses, papers, and effects against unreasonable search and seizures, nor issue warrants, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or thing to be seized;
 (3) subject any person for the same offense to be twice put in jeopardy;
 (4) compel any person in any criminal case to be a witness against himself;
 (5) take any private property for a public use without just compensation

***

**ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED COMPLAINT; DISMISSING ACTION WITH PREJUDICE ~ 10**

      (8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law;

However, the ICRA does not provide a private cause of action in federal court for enforcement either in its own right, or in conjunction with 28 U.S.C. § 1343(a)(4)[2]. *Trans-Canada Enterprises, Ltd. v. Muckleshoot Indian Tribe*, 634 F.2d 474, 477 (9th Cir. 1980). Rather, the sole remedy for an alleged violation in federal court is habeas relief under 25 U.S.C. § 1303. *Id.* Thus, claims under the ICRA must be brought in tribal court. *Tavares v. Whitehouse*, 851 F.3d 863, 866 (9th Cir. 2017).

### E. Violations of the CCT Constitution and Tribal Codes

Under § 16 of the Indian Reorganization Act of 1934 ("IRA"), a tribe may adopt a constitution and bylaws, which become effective upon ratification by a majority of adult members of the tribe and approval by the Secretary of the Interior. *See* 25 U.S.C. § 476(a). A federal court does not have jurisdiction over the internal affairs of a tribe. Notably, the court does not have subject matter jurisdiction to entertain a suit against any defendant based on the alleged violation of tribal election procedures, which is "an internal controversy among Indians over tribal government." *Motah v. United States*, 402 F.2d 1, 2 (10th Cir. 1968).

The Colville Tribal Code specifically authorizes civil actions, noting that the tribal courts "shall have jurisdiction of all suits involving persons residing within the Tribal jurisdiction as defined by this Code and all other suits in which a party is deemed to have consented to the jurisdiction of the Court, or in which the events giving rise to the action occurred within the Tribal jurisdiction as defined by this

---

[2] 28 U.S.C. § 1343 states:
  (a) the district courts shall have original jurisdiction of any civil action authorized by law to be commenced by an person:
    (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

**ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED COMPLAINT; DISMISSING ACTION WITH PREJUDICE ~ 11**

Code." CTC § 2-2-1.[3]

### F. Exhaustion of Tribal Remedies

In the Consolidated Complaint, Plaintiff identifies exhaustion of tribal court remedies as the basis of federal subject matter jurisdiction. Under the doctrine of exhaustion of tribal court remedies, relief may not be sought in federal court until appellate review of a pending matter in a tribal court is complete. *Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 948 (9th Cir. 2008).

The U.S. Supreme Court has crafted narrow exceptions to the exhaustion rule. Such exceptions include where "an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, . . . or where the action is patently violative of express jurisdictions prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." *Nat'l Farmers Union Ins. Cos.*, 471 U.S. at 856 n.21 (internal quotation marks omitted).

### G. 42 U.S.C. § 1983

In the Consolidated Complaint, it appears that Plaintiff may be asserting claims under the Equal Protection Clause, the Due Process Clause, and the Free Speech Clause of the U.S. Constitution.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393–94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under

---

[3] The Colville Tribal Code is located at https://www.cct-cbc.com/current-code/.

**ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED COMPLAINT; DISMISSING ACTION WITH PREJUDICE** ~ 12

the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of their rights. *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). Tribal courts do not have authority to hear federal claims under 42 U.S.C. § 1983. *Nevada v. Hicks*, 533 U.S. 353, 369 (2001).

**Analysis**

**1.  Tribal governance and internal affairs disputes**

Here, it is clear from the Consolidated Complaint that the underlying disputes involve Colville tribal law, governance, and internal affairs over which the Court does not have subject matter jurisdiction. *See In re Sac & Fox Tribe of Mississippi in Iowa / Meskwaki Casino Litigation*, 340 F.3d 749, 763 (8th Cir. 2003) ("Jurisdiction to resolve internal tribal disputes, interpret tribal constitutions and laws, and issue tribal membership determinations lies with Indian tribes and not in the district courts.").

As such, the Court declines to intervene in what appears to be an inter-Tribal dispute between Colville tribal members or employees. *See LaPlante*, 480 U.S. at 16 (holding adjudications of reservation affairs by nontribal courts infringe upon tribal lawmaking authority, because tribal courts are best qualified to interpret and apply tribal law.

Moreover, the doctrine of comity counsels this Court to defer to the decisions and judgments of the Colville Tribal Courts, and not allow the re-litigation of the claims.

**2.  Exhaustion of Tribal Remedies**

While Plaintiff cited to the exhaustion of tribal remedies doctrine, it does not appear to provide the Court with subject matter jurisdiction. Although not clear, it appears that Plaintiff may have cited to the doctrine to argue that the tribal court exceeded the lawful limits of its jurisdiction. Plaintiff is precluded from bringing that argument now, especially since she expressly conceded in her tribal courts

**ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED COMPLAINT; DISMISSING ACTION WITH PREJUDICE ~ 13**

suits that the Colville Tribal Court had jurisdiction over her claims. Even so, it does not appear to be an applicable doctrine with which to assert federal subject matter jurisdiction in this case.

### 3. Tribal Sovereign Immunity

Plaintiff's claims against the CCT are barred by sovereign immunity. Contrary to Plaintiff's assertions, the Colville Tribal Civil Rights Act does not waive the CCT's sovereign immunity outside the scope of the Colville Tribal Courts. *See* CTC § 1-5-4 ("Actions brought under CTC §1-5-3 shall be brought only in the Courts of the Confederated Tribes of the Colville Reservation; notwithstanding the fact that a court of another jurisdiction may have concurrent jurisdiction"). Plaintiff has not shown that CCT waived its immunity to be sued in federal court.

Whether the individually-named Defendants are entitled to sovereign immunity cannot be determined from the allegations contained in the Consolidated Complaint. The Complaint does not expressly differentiate between "official capacity" and "individual capacity" claims. At first glance, it appears her claims for monetary damages generally arise from the individual defendants' alleged acts/omissions taken on behalf of the Tribe, including expulsion from and lack of election certification for CBC elections. Moreover, Plaintiff has not alleged sufficient facts for the Court to conclude that the individually-named Defendants are *not* entitled to sovereign immunity. As such, the Court dismisses the claims asserted against the individually-named Defendants. *See Pistor*, 791 F.3d at 1111 ("In the context of a Rule 12(b)(1) motion to dismiss on the basis of tribal sovereign immunity, the party asserting subject matter jurisdiction has the burden of proving its existence, *i.e.* that immunity does not bar the suit.").

### 4. Res Judicata

In addition to the Court's lack of subject matter jurisdiction, res judicata bars Plaintiff's Consolidated Complaint. *See Miller v. Wright*, 705 F.3d 919, 928 (9th

**ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED COMPLAINT; DISMISSING ACTION WITH PREJUDICE ~ 14**

Cir. 2013). Res judicata applies only where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Id.* (quotation omitted). Here, it appears that Plaintiff is seeking a do-over of her claims that were already brought in tribal court. Moreover, even if Plaintiff is asserting additional claims, those claims would be subject to res judicata as well because they would be based on the same nucleus of facts. *See Tahoe-Sierra Pres. Council, Inc.v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1078 (9th Cir. 2003).

   5. **Section 1983 claims**

As an initial matter, because tribes retain their sovereignty generally, and because this sovereignty predates the Constitution and does not depend upon it, the Constitution does not bind tribal governments with respect to their members. *Talton v. Mayes,* 163 U.S. 376, 382–84 (1896). Plaintiff's constitutional claims against CCT fail as a matter of law.

Moreover, the Consolidated Complaint does not allege facts that show the individually-named Defendants were acting under color of state law. *See Pistor*, 791 F.3d at 1115 (noting that actions under § 1983 cannot be maintained in federal court for person alleging a deprivation of constitutional rights under color of tribal law).

Finally, the Consolidated Complaint fails to allege sufficient facts to show violations of the Equal Protection Clause, the Due Process Clause and the Free Speech Clause of the U.S. Constitution. While Plaintiff has inundated the Court with factual allegations that she believes shows she was treated unfairly, she has failed to plead sufficient facts that allows the Court to draw the reasonable inference that Defendants are liable for the alleged *constitutional* violations.

   6. **Supplemental Jurisdiction**

Plaintiff is asserting several state law claims. Because the Court does not have jurisdiction over the claims asserted against the Tribe or claims involving Colville tribal law, governance, and internal affairs, and Plaintiff has failed to

**ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED COMPLAINT; DISMISSING ACTION WITH PREJUDICE ~ 15**

adequately allege any claim under § 1983, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S 715, 726 (1966) (instructing that federal courts should hesitate to exercise jurisdiction over state claims if it has dismissed all claims over which it had original jurisdiction).

### 7. Leave to Amend

Although Fed. R. Civ. P 15 instructs that leave to amend should be freely granted, the Court declines to do so in this instance. Plaintiff has already been given an opportunity to amend her complaint after Defendants filed their first motion to dismiss. Plaintiff has demonstrated that she is unable to comply with Fed. R. Civ. P. 8 (requiring a short and plain statement of the claim showing the pleader is entitled to relief). Defendants would be unduly prejudiced if Plaintiff were granted leave to amend. Moreover, allowing Plaintiff to file another amended complaint would be futile, given that Plaintiff is bringing claims that are clearly barred by sovereign immunity or that should be (and were) brought in Tribal Court.

### 8. Conclusion

The Court dismisses the Consolidated Complaint, ECF No. 47, with prejudice because it does not have subject matter jurisdiction to hear this matter. Plaintiff properly raised her claims in two prior tribal court lawsuits given that court's exclusive jurisdiction over tribal statutory and governmental disputes. Federal courts are courts of limited jurisdiction and do not exist to give tribal members a do-over in federal court if they are not happy with the outcome of the tribal court proceedings.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Colville Defendants' Renewed Motion to Dismiss Consolidated Complaint, ECF No. 48, is **GRANTED**.
2. Defendants Peter Erbland and Thomas Miller's Motion to Dismiss

**ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED COMPLAINT; DISMISSING ACTION WITH PREJUDICE** ~ 16

Consolidated Complaint, ECF No. 50, is **GRANTED**.

3. The Consolidated Complaint, ECF No. 47, is **DISMISSED,** with prejudice.

4. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to Plaintiff and counsel, and **close** the file.

**DATED** this 24th day of February 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTIONS TO DISMISS CONSOLIDATED COMPLAINT; DISMISSING ACTION WITH PREJUDICE** ~ 17